CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIAN MANSOUR,<br><br>        Plaintiff,<br><br>vs.<br><br>SEAS & ASSOCIATES, LLC, CHAD WILKERSON, BOB WHISNANT, TOM HAYNES, JAMES A. BOTTIN, and DOES 1-10,<br><br>        Defendants. | Case No.: 2:14-cv-02935-SCM<br><br>**FINAL APPROVAL ORDER** |

This matter having come before the Court for a hearing in the presence of counsel for all Parties on December 21, 2015, in accordance with the Court's Order (Preliminary Order) filed on September 3, 2015 as Docket Entry (D.E.) 33, as amended on September 14, 2015 (D.E. 34) which, among other things, defined and directed notice to a class (Class) for settlement purposes and, based on the docketed materials and the representations of counsel at the hearing, the Court finds and concludes:

**I.  NATURE OF THE CASE**

A.  Plaintiff filed this lawsuit on May 8, 2014, D.E. 1. Plaintiff is a New Jersey consumer who Defendant alleged to be in default on a consumer debt. Plaintiff contends that, in attempting to collect the alleged consumer debt from her and the debts alleged to be owed by members of the Class, Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") by leaving standardized, scripted, telephonic voice messages for consumers, which uniformly failed to provide meaningful disclosure of its identity as the caller by stating its company name and failed to state that the call was for collection purposes. Plaintiff's complaint sought statutory damages and attorney's fees as

allowed under 15 U.S.C. § 1692k.

B. Over the course of several months, counsel for the Plaintiff and Defendant have reviewed and analyzed the complex legal and factual issues present in this Action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement from Defendant, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more appeals of procedural and substantive issues.

C. Based upon these reviews and analyses, the Plaintiff and Defendant embarked upon and concluded comprehensive settlement discussions which ultimately resulted in their execution of the Settlement Agreement, a copy of which was filed with the Court on August 13, 2015 as D.E. 29-2.

D. Defendant undertook an investigation to ascertain the number and identity of the members of the Class which investigation identified 119 class members.

E. Defendant provided Plaintiff's counsel, on a confidential basis, financial information so as to permit Plaintiff's counsel to be satisfied that the sum to be distributed to the Class pursuant to the Settlement Agreement exceeds 1% of the Defendant's net worth which is the maximum statutory damages recoverable under the FDCPA had Plaintiff certified a litigation class and prevailed on the merits at trial and on any appeal.

II. **CLASS CERTIFICATION UNDER RULE 23**

A. As discussed below, the requirements under Rule 23(a) of the Federal Rules of Civil Procedure for numerosity, commonality, typicality, and adequacy have been shown.

   1. *Numerosity.* Based upon information received from Defendant, there are 119 members of the Class. Having exceeded 40, a class of 119 satisfies numerosity. *See, Stewart v. Abraham*, 275 F.3d 220, 226-227 (3rd Cir. 2001); see also *Weiss v. York*

*Hosp.*, 745 F.2d 786, 809 (3rd Cir. 1984).

2. *Commonality.* The "commonality element requires that the proposed class members share at least one question of fact or law in common with each other." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 527-8 (3d Cir. 2004). There exists common questions of law or fact affecting the Class.

3. *Typicality.* The typicality prong is analyzed by asking whether the named plaintiff has incentives that align with those of absent class members so as to assure that the absentees' interests will be fairly represented. *Baby Neal v. Casey*, 43 F.3d 48, 57 (3d Cir. 1994). The Court finds that Plaintiff's claims are typical of the claims of the Settlement Class because Plaintiff alleges that Defendant left the same scripted telephone messages for her and members of the Class and, therefore, she has the same interest as the members of the Class with respect to their FDCPA claims.

4. *Adequacy.* For Plaintiff to be considered a fair and adequate representative of the Class, (1) her counsel must be qualified, experienced, and generally able to conduct the proposed litigation; (2) she must have sufficient interest in the outcome to ensure vigorous advocacy; and (3) she must not have antagonistic or conflicting interests with other members of the proposed class. *Amchem Products, Inc., supra*, 521 U.S. at 625. The Court finds that Plaintiff that all three elements exist here.

B. Plaintiff sought class certification under Fed. R. Civ. P. 23(b)(3), which requires "predominance" and "superiority;" specifically, that Rule provides:

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The

       matters pertinent to these findings include:

           (A) the class members' interests in individually controlling the prosecution or defense of separate actions;

           (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

           (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

           (D) the likely difficulties in managing a class action.

C.    The proposed class satisfies the requirements of Rule 23(b)(3), as follows:

    1.    Predominance "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation," so "[i]f proof of the essential elements of the cause of action requires individual treatment, then class certification is unsuitable." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 311 (3d Cir. 2008) (internal citations and quotations omitted).

    2.    The Court finds that the common questions of law and fact predominate over any individual issues. The class claims involve Defendant's uniform conduct which is alleged to violate the FDCPA. Thus, there are no individual issues respecting liability. The damage claim, which is limited to statutory damages, arises by virtue of liability and, like liability, does not involve individual issues. Furthermore, whether any individual class member may have additional FDCPA claims arising from Defendant's specific conduct with respect to that member is irrelevant because statutory damages beyond the maximum cannot be awarded regardless of the number of violations and, here, Defendant has agreed to pay substantially more than the maximum recoverable under the FDCPA.

    3.    The Court finds that a class action is a superior method for "fairly and efficiently adjudicating the controversy". Fed. R. Civ. P. 23(b)(3). Having 119 individual suits

    repeatedly litigating the same or substantially similar factual and legal issues would be an inefficient use of judicial resources and unfair to the parties.

  4. The Court's findings as to predominance and superiority are further supported by consideration of the four enumerated factors under Fed. R. Civ. P. 23(b)(3), namely: (a) Even after individual notice to each class member, no class member has either opted out or objected which evinces that no class member is interested "in individually controlling the prosecution or defense of separate actions" (*id.*); (b) Counsel for the parties have represented that they are unaware of any other litigation commenced by any class members concerning the same controversy which has been presented here; (c) At the time of the alleged violative conduct, all of the Parties resided within this District and the alleged violative conduct occurred within this District; therefore, it is desirable to maintain this action in this District; and (d) There are no difficulties in managing the class.

D. Notice for a class certified under Fed. R. Civ. P. 23(b)(3) is set forth in Fed. R. Civ. P. 23(c)(2)(B) and requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Here, the Court required individual notice served by regular mail and, in the Preliminary Approval Order, the Court approved a form of notice which satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B)(i) through (vii). Based on the Affidavit of Joseph F. Mahan, the third party class administrator, notice was mailed on October 8, 2015 to 119 Class members, and only 6 notices were returned as undeliverable by the United States Postal Service.

**III.** **THE SETTLEMENT IF FAIR, REASONABLE AND ADEQUATE.**

 A. Fed. R. Civ. P. 23(e)(2) provides, in part, that the Court may approve a settlement "only

      after a hearing and on finding that it is fair, reasonable, and adequate."

B.    The Court held such a hearing on December 21, 2015 and, for the following reasons, finds that the settlement is fair, reasonable and adequate.

C.    Had this matter proceeded as a contested matter and Plaintiff prevailed on all issues, the maximum recovery could have consisted of: (a) $1,000 in statutory damages to Plaintiff; (b) a discretionary incentive award to Plaintiff; (c) the lesser of $500,000 or 1% of Defendant's net worth distributable to the Class; and (d) attorney's fees and costs. Such relief could have been obtained only if Plaintiff established all elements for class certification under both Fed. R. Civ. P. 23(a) and (b), proved liability, and shown that the factors under 15 U.S.C. § 1692k(b) weighed in favor of a maximum award. Any one of those issues could have led to a result of less than the maximum recovery.

D.    By settling, Defendant agreed to pay statutory damages to the class of $3,500.00 which will be distributed equally to the 113 class members in the amount of $30.97. The Defendant's net worth is less than $350,000.00 thereby awarding the class more than the maximum possible recovery under the FDCPA. The Parties agreed that any undistributed funds will be paid to The Center for Social Justice at Seton Hall School of Law, which is one of the nation's strongest *pro bono* and clinical programs, who provides *pro bono* legal services for economically disadvantaged residents throughout the State of New Jersey.

E.    By settling, Plaintiff will be paid $1,000, being the maximum amount of her claim for statutory damages under the FDCPA.

F.    By settling, Plaintiff and Defendant have agreed that Plaintiff will be paid an incentive award for representing the class in the amount of $2,000, an amount which the Court finds to be fair and reasonable as compensation for Plaintiff's role in prosecuting her

        claim and obtaining relief for the class.

G.     By settling, Class Counsel agreed to fix their fees and costs at $33,500.

H.     Neither the payment of Plaintiff's statutory damage claim, the incentive award, nor Class Counsel's award for fees and costs diminish the Class recovery.

I.     No member of the Class has opted out or filed an objection to the settlement.

J.     By settling, the parties avoid the costs of continued litigation and avoid the risks of uncertainty inherent in continued litigation and any appeals.

K.     Therefore, the Court finds that the Settlement is fair, reasonable and adequate within the meaning of Fed. R. Civ. P. 23(e)(2).

## IV. COUNSEL FEES

A.     The Court approves an award of $33,000 for Class Counsels' fees and costs.

B.     Class Counsel has submitted the Declarations of Philip D. Stern, Esq. and Andrew T. Thomasson, Esq. setting forth the time and costs they have expended. Class Counsel has expended 88.80 hours up through December 20, 2015 and, therefore, excludes time expended at the final hearing on December 21, 2015 and the time to be expended in overseeing this case to its conclusion. The Court finds the time expended to be fair and reasonable.

C.     Those Declarations also sets forth the rates requested which the Court finds to be fair and reasonable such that, under a lodestar analysis, Class Counsel would be entitled to fees in the amount of $30,323.45.

D.     Those Declarations also set forth an itemization of actual costs and expenses in connection with this litigation totaling $3,176.55 which the Court finds to be fair and reasonable.

E.     Consequently, the lodestar cross-check under *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294 (3d Cir. 2005) substantiates the reasonableness of the requested $33,500 award for fees and costs.

F.     The Court is satisfied that Class Counsel are able and experienced attorneys who are well-qualified and who obtained relief by way of settlement which would not have been available through continued litigation and provides a significant public benefit and promotes the public policies embodied in the FDCPA.

G.     The sum of the hours and rates together with actual costs and expenses which the Court has found to be fair and reasonable is exceeds the agreed fixed amount of $33,500 for fees and costs. Therefore, the Court awards $3,176.55 in costs and $30,323.45 in fees.

Based on the foregoing findings and conclusions as well as those set forth on the record on September 3, 2015, and for good cause shown:

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. The Court reaffirms its certification in the Preliminary Approval Order that this action be maintained as a class action and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

    (a)     defined the "Class" as:

    > All persons to whom Seas & Associates, LLC placed a telephone call to a number with a 973 area code and left a telephonic voice message during a period beginning May 8, 2013, and ending February 10, 2015, which message failed to either: (i) identify the call as being placed by Seas & Associates, LLC; (ii) state that the call was from a debt collector; or (iii) state that the call was for debt collection purposes.

    (b)     confirmed the appointment of Philip D. Stern and Andrew T. Thomasson as Class Counsel.

2. For the reasons set forth in the Court's Opinion, D.E. 15, the Court declares that the notice to the Class satisfied the requirements of Fed. R. Civ. P. 23 and due process.

3. The Court declares that the terms of the Settlement are fair, reasonable and adequate.

4. The Court approves the disbursement of $3,000.00 to Plaintiff, Marian Mansour.

5. The Court approves the disbursement of $3,500.00 in equal amounts to the 113 Class Members and that any funds left over by reason of any distribution checks which remains uncashed for more than 60 days shall be paid as a *cy pres* distribution to The Center for Social Justice at Seton Hall School of Law.

6. The Court approves the award of attorneys' fees and costs to Class Counsel in the amount of $33,500.00 and declares such fees and costs to be fair and reasonable.

7. Except to the extent this Order provides otherwise, the parties are directed to implement the settlement in accordance with its terms.

8. In accordance with the Settlement at Paragraph 17:

   (a) Plaintiff, including each and every one of her respective agents, representatives, attorneys, heirs, assigns, or any other person acting on her behalf or for her benefit, and any person claiming through her (collectively "Releasors"), releases and discharges SEAS, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns, (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for SEAS), Chad Wilkerson, Bob Whisnant, Tom Haynes, and James A. Bottin (collectively, the "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date.

   (b) Each member of the Settlement Class who did not opt out releases and discharges the Released Parties of only those causes of action, suits, liability, and claims, including claims for the payment of attorney's fees and costs that involve voice messages left by SEAS that failed to either identify SEAS by its company name as the caller, state that the call was from a debt collector, or state that the call was for debt collection purposes (the "Conduct"), which Conduct Plaintiff alleges in the Litigation violated 15

U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), and 1692e(11).

9. Plaintiff and all members of the Class be and hereby are permanently enjoined from prosecuting the claims released in the immediately preceding paragraph.

10. The Court retains jurisdiction over the interpretation, enforcement, and implementation of the Settlement and this Final Order and Judgment. Except as retained, all claims against all Defendants are dismissed with prejudice and without taxing costs.

**IT SO ORDERED**:

_____
HONORABLE STEVEN C. MANNION
United States Magistrate Judge

Dated: 1/22/2016